IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02635

JOSEPH M. KASHAWNY,

      Plaintiff,

v.

XCEL ENERGY SERVICES INC., a Delaware Corporation;
CAMILLE ABBOUD; JACK DYBALSKI; and
CARY OSWALD,

      Defendants.

---

**DEFENDANTS CAMILLE ABBOUD, JACK DYBALSKI, AND CARY OSWALD'S
MOTION TO DISMISS PLAINTIFF'S SEVENTH CLAIM**

---

      Defendants Camille Abboud, Jack Dybalski, and Cary Oswald (collectively the "Individual Defendants"), through their undersigned counsel, submit the following Motion to Dismiss Plaintiff's Seventh Claim for Relief[1] pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff's First through Sixth Claims for Relief will be answered in a separate pleading, to be filed on or before March 16, 2009.

## INTRODUCTION

### I. THE FOUR BASES FOR THIS MOTION TO DISMISS

      Plaintiff's Seventh Claim for Relief (alleging outrageous conduct) fails to state a claim upon which relief can be granted. As the basis for his claim, Plaintiff simply realleges his allegations of discrimination and retaliation asserted against Xcel Energy Services Inc. ("Xcel

---

[1] As this is the only claim asserted against the Individual Defendants, they request that the Court enter judgment against Plaintiff and in favor of the Individual Defendants.

Energy" or the "Company"). Where the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, they fail to state an independently cognizable claim.

In addition, Plaintiff's seventh claim is preempted by the availability of statutory remedies, and therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff's seventh claim is also barred by the statute of limitations regarding all conduct alleged to have occurred prior to December 4, 2006. Several of Plaintiff's allegations of discrimination are from 2002, and the statute of limitations on Plaintiff's outrageous conduct claim is two years. Plaintiff, however, did not file his Complaint until 2008. Accordingly, Plaintiff's seventh claim should be limited as to conduct occurring after December 2006. All pre-December 2006 allegations should be dismissed as time-barred.

Finally, Plaintiff's seventh claim is preempted by the exclusivity provision in the Colorado Workers' Compensation Act, C.R.S. § 8-40-101 et seq. Plaintiff's alleged injury (termination and alleged emotional distress) occurred at work and during work hours, was inherently related to work, and arose out of Plaintiff's relationship with the Individual Defendants (who were Plaintiff's supervisor and co-workers at Xcel Energy). Thus, Plaintiff's alleged injuries are subject to the Colorado Workers' Compensation Act. And Plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II.     BACKGROUND[2]

Defendant Jack Dybalski ("Dybalski") is the Vice President and Chief Risk Officer for the Risk Management Department at Xcel Energy. Dybalski was Plaintiff's supervisor beginning on June 21, 1999, when Plaintiff was hired as a Financial Engineer. On August 1, 2000, Dybalski and Plaintiff moved to Denver and Plaintiff became Director, Market Pricing. (See Amended Compl. at ¶ 7.) Dybalski remained Plaintiff's supervisor during and after the move. On February 16, 2007, Plaintiff's department was restructured: Plaintiff began reporting to Defendant Camille Abboud,[3] Managing Director, Quantitative Risk Services. (Amended Compl. at ¶ 16.)

Plaintiff preferred his prior reporting structure, however, and he immediately began complaining about the change in his chain of command. Plaintiff apparently was insulted that he has previously reported to a Vice President, and after the reorganization reported to "only" a Managing Director.[4] Plaintiff's frustration culminated in a fit of outrage on January 3, 2008, when he went to Dybalski's office and threatened to "take the Company down" if Dybalski did not change Plaintiff's reporting structure back.

After an investigation into Plaintiff's threat against the Company, and a subsequent disciplinary meeting in which Plaintiff was inappropriate and unprofessional, on March 3, 2008, Xcel Energy terminated Plaintiff's employment (see Amended Compl. at ¶¶ 57-58).

---

[2] The Individual Defendants also incorporate the Background section of Xcel Energy's Motion to Dismiss Plaintiff's First and Sixth Claims for Relief (Docket #15), filed January 30, 2009, as if fully set forth herein.

[3] Ironically (given Plaintiff's national origin discrimination claims), Mr. Abboud is also an Arab-American.

[4] Even after Plaintiff began reporting to Mr. Abboud, Plaintiff held the same position, with the same salary, benefits and job duties.

Defendant Cary Oswald ("Oswald") is the Managing Director, Risk Strategy & Control, at Xcel Energy. Mr. Oswald was never in Plaintiff's chain of command. Plaintiff's allegations directed at Mr. Oswald are focused on Mr. Oswald's sexual orientation. (See Amended Compl. at ¶¶ 21-23.)

## STANDARD OF REVIEW

### I.   RULE 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6) (the "Rule"), a claim may be dismissed for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. Pirraglia v. Novell, Inc., 339 F.3d 1182, 1187 (10th Cir. 2003) (citations omitted). A court's function in evaluating a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Id. The Court need not accept "mere conclusions characterizing pleaded facts" or "unwarranted inferences drawn from the facts or footless conclusions of law predicated upon them." Bryson v. Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). Dismissal is appropriate if the Court finds that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997).

In 2007, the United States Supreme Court announced a "new (or clarified) standard for motions to dismiss" in Bell Atlantic Corp. v. Twombly, holding that a complaint must contain enough factual allegations to state a claim for relief "that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (emphasis supplied).

Under this new standard, the Supreme Court announced that, "a plaintiff must do more than generally allege a wide swath of conduct.  A plaintiff must allege sufficient facts to nudge their claims across the line from conceivable to plausible." Id.; see also, VanZandt v. Oklahoma Dept. of Human Services, 276 Fed. Appx. 843, 846-47 (10th Cir. 2008) (recognizing the heightened standard set forth in Twombly).

For the reasons stated below, Plaintiff's Amended Complaint fails to meet this heightened standard.

**II.     RULE 12(b)(1)**

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  A court may determine the jurisdictional issue as a matter of law if it accepts all the plaintiff's assertions of fact as true.  Id.  As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks.  Id.

"Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true."  Paper, Allied-Industrial, Chemical & Energy Works Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005).  On the other hand, "[i]n a factual attack. . . the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends."  Id.  "[T]he underlying issue [in determining whether an attack is facial or factual] is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  Id. (citing Pringle v. United States, 208 F.3d 1220, 1223 (10th Cir. 2000)).

Here, the Individual Defendants' attack is facial;[5] it is based upon Plaintiff's claims as pled and does not require resolution of whether the Individual Defendants' conduct was indeed outrageous.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR OUTRAGEOUS CONDUCT.

Plaintiff's claim for outrageous conduct should be dismissed for failure to state a claim upon which relief can be granted. Where an outrageous conduct claim is based on the same allegations of an employment discrimination claim, a plaintiff has failed to state a claim as a matter of law. See Visor v. Sprint/United Management Co., 965 F.Supp. 31, 33 (D. Colo. 1997).

In Visor, the plaintiffs brought Title VII and outrageous conduct claims, inter alia. The plaintiffs supported their outrageous conduct claims by: "incorporating by reference the allegations supporting their employment claims and then adding that 'Defendant's course of conduct as described in this Amended Complaint' was 'extreme and outrageous' and 'done with the intent of causing the Plaintiffs severe emotional distress'." Id. In granting the defendant's motion to dismiss, the Court (Judge Kane) held: "[w]here the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6)." Id.; see also, Katz v. City of Aurora, 85 F.Supp.2d 1012, 1021 (D. Colo. 2000) ("where allegations forming the basis of a claim for outrageous

---

[5] That is, the Individual Defendants' Motion to Dismiss is based on a facial attack. This Motion, however, is filed without prejudice to or waiver of the Individucal Defendants' right to assert (on a future date) that Plaintiff's seventh claim also fails pursuant to Fed. R. Civ. P. 50 and 56, inter alia.

conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim").

Similarly, in Katz, the plaintiff did nothing more than "conclusorily allege[] by incorporated previous paragraphs of the Complaint that [the defendant's] conduct was outrageous" and failed to provide any separate allegations which differed from the factual support for the discrimination claim. Id. The Court ultimately dismissed the outrageous conduct claim for failure to state a claim. Id.

Here, Plaintiff's allegations are likewise insufficient. In support of Plaintiff's outrageous conduct claim, his Amended Complaint provides: "[Plaintiff] repeats and realleges all previous paragraphs of his Complaint" and that, "Defendants Abboud, Dybalski and Oswald engaged in extreme and outrageous conduct" and "the individual Defendants did so recklessly or with the intent of causing Kashawny severe emotional distress." (Amended Compl. at ¶ 105-106.) Like in Visor and Katz, Plaintiff fails to allege any conduct distinct from his discrimination claims and thus, he has failed to state an independently cognizable claim for which relief can be granted under Rule 12(b)(6). See also, Gard v. Teletronics Pacing Sys., Inc., 859 F.Supp. 1349, 1354 (D. Colo. 1994) (dismissing an outrageous conduct claim on a motion to dismiss). Accordingly, Plaintiff's claim against the Individual Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. PLAINTIFF'S OUTRAGEOUS CONDUCT CLAIM IS PREEMPTED BY THE AVAILABILITY OF STATUTORY REMEDIES.

Plaintiff's outrageous conduct claim is preempted by Plaintiff's claims brought pursuant to Title VII and 42 U.S.C. § 1981. When "a plaintiff asserts a tort claim that rests on the same facts as a Title VII discrimination claim asserted in the action, the tort claim will not survive."

See Price v. Pub. Serv. Co. of Colo., 850 F.Supp. 934 (D.Colo. 1994), reversed on other grounds, 2007 WL 2381537 (10th Cir. 1996). The proper question is whether the Plaintiff's tort claims, while arising out of the same set of facts, allege any facts or legal theories independent of the purposes and objectives of his federal discrimination claims. Id. (dismissing breach of contract claim where plaintiff failed to allege any facts or legal theories independent of the purposes and objectives of Title VII); see also, Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147 (10th Cir. 1992) (rejecting plaintiff's outrageous conduct claim and allowing her Title VII claim to move forward); Caspar v. Lucent Tech., Inc., 280 F.Supp.2d 1246, 1249 (D. Colo. 2003) (dismissing plaintiff's wrongful discharge claim given the availability of Title VII remedies).

Here, Plaintiff's outrageous conduct claim rests on the same facts as his Title VII and 1981 claims. (See Amended Compl. at ¶¶ 104-108.) Plaintiff fails to allege any facts in support of his outrageous conduct claim that are separate, or in addition to, the facts he alleged regarding discrimination. (Id.) Specifically, Plaintiff's entire outrageous conduct claim consists of the following statements:

> Kashawny repeats and realleges all previous paragraphs of his Complaint as though fully incorporated herein.
>
> Defendants Abboud, Dybalski and Oswald engaged in extreme and outrageous conduct.
>
> The individual Defendants did so recklessly or with the intent of causing Kashawny severe emotional distress.
>
> The conduct of Defendants Abboud, Dybalski, and Oswald caused Kashawny severe emotional distress.
>
> As a direct result of the individual Defendants' outrageous conduct, Kashawny has suffered both economic and non-economic losses and injuries. Kashawny prays for relief from his injuries and losses as more fully set forth below.

(Amended Compl. at ¶¶ 104-108.)  The allegations "incorporated" by the first paragraph above are allegations supporting Plaintiff's national origin/religious discrimination and hostile work environment claim, Plaintiff's retaliation claim under Title VII, Plaintiff's sexual harassment claim under Title VII, Plaintiff's race and national origin discrimination claim under 42 U.S.C. § 1981, and Plaintiff's retaliation claim under 42 U.S.C. § 1981.  Thus, under the law in this District – as stated in Price, Cook, and Casper – Plaintiff's claim for outrageous conduct should be dismissed.

### III.  THE BASIS OF PLAINTIFF'S OUTRAGEOUS CONDUCT CLAIM IS LIMITED BY THE STATUTE OF LIMITATIONS.

Tort claims, including outrageous conduct, are subject to a two-year statute of limitations.  See C.R.S. § 13-80-102(1)(a) (2008).  Thus, a plaintiff's claim is barred to the extent it is based on conduct occurring more than two years before the filing date.  See Marshall v. Nelson Elec., a Unit of General Signal, 766 F.Supp. 1018, 1029 (N.D.Okla. 1991) (holding that "[u]nless the conduct that occurred within the limitations period was sufficiently extreme and outrageous to support an intentional infliction of emotional distress claim, plaintiff's claim is time-barred") (emphasis added); see also Green v. Catholic Health Initiatives Colo., 2007 WL 646285 (D.Colo. 2007) (attached as Exhibit A).

Like here, in Green, the plaintiff's claim for outrageous conduct was based on the assertion that defendant committed numerous acts constituting continuous harassment, intimidation, and demeaning conduct.  Id. at *7.  The Court found that, based on Colorado law, "any claim or allegation of outrageous conduct occurring before May 2003 [the date at which the statute of limitations began to toll] is barred by the applicable statute of limitations and cannot be

considered by the Court for purposes of this case. Any assertions of outrageous conduct leading up to May 2003 are time barred." Id.

In his Amended Complaint, Plaintiff alleges the following untimely acts:

- That during a company dinner in the Fall of 2002, a co-worker made racist comments in front of executive and the executive did not comment (Amended Compl. at ¶ 9);
- That Plaintiff complained about the comments made at the dinner a couple months later (presumably in winter 2002 or early 2003) (Amended Compl. at ¶ 11).

Thus, to the extent Plaintiff's outrageous conduct claim is based on conduct occurring prior to December 4, 2006 (two years before Plaintiff's first Complaint was filed), such claim fails. (See Amended Compl. at ¶¶ 9, 11, 15-17). Accordingly, Plaintiff's outrageous conduct claim should therefore be dismissed as time-barred with respect to all conduct alleged to have occurred prior to December 4, 2006.

Notably, the continuing tort doctrine does not apply here. In a Northern District of Oklahoma case, the Court considered the continuing tort doctrine in the context of an outrageous conduct claim. Marshall v. Nelson Elec., a Unit of General Signal, 766 F.Supp. 1018, 1031-32 (N.D.Okla. 1991). Relying in part on Tenth Circuit case law (Manders v. Okla. ex rel. Dep't of Mental Health, 875 F.2d 263 (10th Cir. 1989)), the Court decided not to extend the continuing tort doctrine to plaintiff's outrageous conduct claim:

> Any other result would subject defendants to never-ending liability for such claims, which could at any time be triggered by non-extreme, non-outrageous, and non-tortious acts. Merely alleging that such non-actionable conduct was an extension of actionable conduct would resurrect stale time-barred conduct.

Id.

Here, the same reasoning applies. To the extent Plaintiff's allegations of random (and undated) stray remarks, (see Amended Compl. at ¶¶ 9, 11, 15-17), occurred prior to December 4,

2006, such remarks and/or treatment cannot support Plaintiff's claim. Plaintiff was required to bring any claim for outrageous conduct based on conduct occurring prior to December 4, 2006, within the two-year statute period. Plaintiff has failed to do so, and thus, his claim as to those allegations is time-barred.

### IV.     PLAINTIFF'S OUTRAGEOUS CONDUCT CLAIM IS PREEMPTED BY THE COLORADO WORKERS' COMPENSATION ACT.

Plaintiff's seventh claim is barred because the Colorado Workers' Compensation Act (the "CWCA"), C.R.S. § 8-40-101 *et seq.*, provides the exclusive remedy to this tort claim. See C.R.S. § 8-41-301; Ventura v. Albertson's, Inc., 856 P.2d 35 (Colo. App. 1992). The CWCA states, in relevant part:

> (1) The right to the compensation provided for in articles 40 to 47 of this title, in lieu of any other liability to any person for any personal injury or death resulting therefrom, shall obtain in all cases where the following conditions occur:
>
> (a)   Where, at the time of the injury, both employer and employee are subject to the provisions of said articles and where the employer has complied with the provisions thereof regarding insurance;
>
> (b)   Where, at the time of injury, the employee is performing service arising out of and in the course of the employee's employment;
>
> (c)   Where the injury or death is proximately caused by an injury or occupational disease arising out of and in the course of the employee's employment and is not intentionally self-inflicted.

Id. (emphasis added).

Here, all three elements of the CWCA are met.

### A.     Plaintiff and Xcel Energy were Subject to the CWCA.

Plaintiff cannot dispute that he and Xcel Energy were subject to articles 40 and 47 of the Workers' Compensation Act, and that Xcel Energy was in compliance with those provisions regarding insurance.

### B.   Plaintiff Was Performing Services Arising Out of and in the Course of His Employment.

Plaintiff admittedly was "performing services arising out of and in the course of" his employment with Xcel Energy when he was allegedly injured.  Plaintiff specifically averred that the "events occurred frequently during company meetings on premises, as well as privately with senior management offices in Kashawny's office."  (Amended Compl. at ¶ 18.)  In addition, Plaintiff alleged that "on occasion, this outrageous conduct occurred at off-site company sponsored events."  (Id.)  Thus, the Individual Defendants' comments were made either while Plaintiff was at work or a work-sponsored event.  (See Amended Compl. at ¶¶ 9, 10, 14, 15, 18.)

Colorado courts have determined that an activity "arises out of and in the course of" employment when "it is sufficiently interrelated to the conditions and circumstances under which the employee usually performs his or her job functions that the activity may reasonably be characterized as an incident of employment."  City of Northglen v. Eltrich, 908 P.2d 139, 140 (Colo. Ct. App. 1995); see also Gen. Cable Co. v. Indus. Claim Appeals Office of the State of Colo., 878 P.2d 118, 122 (Colo. Ct. App. 1994).  Further, Colorado courts have held that the "in the course of employment" requirement is satisfied by showing than an injury occurred "within the time and place limits of the employment relation and during an activity that has some connection with the employee's job-related functions."  Id.  "The 'arising out of' requirement is met when the origins of the injury are work-related and the injury is sufficiently related to the work to be considered part of the employee's service to the employer."  Id.

Given that these alleged statements were made by employees of Xcel Energy during company meetings, and a hostile work environment was allegedly created on the Company

premises, the "arising out of and in the course of employment" element is satisfied. (See Amended Compl. at ¶¶ 9, 10, 14, 15, 18.)

In addition, generally an employee's intentional <u>tort</u> claim against a co-worker is barred by the CWCA. <u>See</u> <u>Ventura v. Albertson's Inc.</u>, 856 P.2d 35 (Colo. App. 1992) (holding plaintiff's intentional tort claims barred by the CWCA because "the entire incident occurred on Albertson's premises; the parties were brought into contact through their employment; and the only alleged source of animosity between them [involved work-related issues]"). Specifically, "courts have repeatedly held that <u>outrageous conduct</u> and intentional infliction of emotional distress claims fall within the purview of the [CWCA]" and are therefore barred. <u>Foraker v. Schauer</u>, 2005 WL 1862072 *15 (D.Colo. 2005) (emphasis supplied); <u>see also</u>, <u>Montoya v. Local Union III of the Int'l Bhd. of Elec. Workers</u>, 755 P.2d 1221, 1225 (Colo. App. 1988) (affirming dismissal of plaintiff's outrageous conduct claim as barred by the exclusivity provisions of the CWCA); <u>Abramson v. Sandoz, Inc.</u>, 2008 WL 906124 (D. Colo., Mar. 31, 2008) (holding plaintiff's claims for emotional distress/outrageous conduct were barred/preempted by the Colorado Workers' Compensation Act) (attached as Exhibit B); <u>Smith v. Colo. Interstate Gas Co.</u>, 794 F.Supp. 1035, 1042 (D. Colo. 1992) (holding plaintiff's "intentional infliction of emotional distress claim fails because Colorado Workers' Compensation Act provides the exclusive remedy for her work related emotional distress"); <u>Farmer v. Cent. Bancorporation, Inc.</u>, 761 P.2d 220, 222 (Colo. App. 1988) (affirming trial court's dismissal of outrageous conduct claim as being preempted by the Workers' Compensation Act).

Here, like in <u>Ventura</u>, all the conduct upon which Plaintiff bases his claim is alleged to have taken place on Xcel Energy premises or at a work-sponsored event, and the contact between

Plaintiff and the Individual Defendants was exclusively through their mutual employment at Xcel Energy. Thus, the Individual Defendants satisfy C.R.S. § 8-41-301(1)(b).

### C. Plaintiff's Termination and Alleged Emotional Distress Was Proximately Caused by an Injury Arising Out of or in the Course of his Employment.

As set forth above, all of Plaintiff's allegations are related to incidents occurring at work and at work-related events. (Amended Compl. at ¶¶18, 104-108.) Thus, by Plaintiff's own admission, his termination and injuries resulted from his work environment and relationships with his co-workers and other Xcel Energy employees. (Id.) Like in Albertsons, the Individual Defendants were only brought into contact with the Plaintiff through their employment at Xcel Energy, and the only interactions between them were Company-related. Accordingly, the third element of the CWCA is satisfied.

In conclusion, Plaintiff's outrageous conduct claim is barred by the exclusivity provisions of the CWCA and thus, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### CONCLUSION

For the reasons set forth above, the Individual Defendants respectfully request that judgment be entered in favor of each of the Individual Defendants and against the Plaintiff, that this Court dismiss the Individual Defendants with prejudice, that the Individual Defendants be awarded their attorney fees and costs, and that the Court grant such other and further relief as the Court deems just.

DATED this 9th day of March, 2009.

BROWNSTEIN HYATT FARBER & SCHRECK, LLP

/s Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th Street, 22nd Floor
Denver, Colorado 80202
Phone: (303) 223-1100
Fax: (303) 223-1111

ATTORNEYS FOR DEFENDANTS CAMILLE ABBOUD, JACK DYBALSKI, AND CARY OSWALD

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2009, a true and correct copy of the foregoing **DEFENDANTS CAMILLE ABBOUD, JACK DYBALSKI, AND CARY OSWALD'S MOTION TO DISMISS PLAINTIFF'S SEVENTH CLAIM** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address or by U.S. mail, postage prepaid, properly addressed to:

Todd J. McNamara, Esq.
1640 East 18th Avenue
Denver, Colorado 80218
tjm@18thavelaw.com


s/ Leah P. VanLandschoot
Leah P. VanLandschoot
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100

7161\63\1250590.2                            15