IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-CV-02635-WYD-MJW

JOSEPH M. KASHAWNY,

    Plaintiff,

v.

XCEL ENERGY SERVICES, INC. a Minnesota Corporation;
CAMILLE ABBOUD; JACK DYBALSKI; and
CARY OSWALD,

    Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Camille Abboud's, Jack Dybalski's, and Cary Oswald's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss, filed March 9, 2009 [#35].  Defendants move to dismiss Plaintiff's Seventh Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff's response in opposition to the motion was filed on April 17, 2009, and Defendants' reply was filed on May 14, 2009.  For the reasons stated below, the motion to dismiss is GRANTED.

II.    <u>BACKGROUND</u>

In this civil rights action, Plaintiff brings seven claims for relief, including claims for discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act, discrimination and retaliation under 42 U.S.C. § 1981; and a wrongful discharge in violation of public policy claim and an outrageous conduct claim under Colorado law

against his former employer Defendant Xcel Energy Services, Inc.  Plaintiff also brings an outrageous conduct claim against Defendants Abboud, Oswald and Dybalski (collectively, the "individual Defendants").  In the instant motion, the individual Defendants move to dismiss Plaintiff's outrageous conduct claim.

As set forth in the Amended Complaint, Plaintiff Joseph Kashawny is a resident of the State of Colorado.  Defendant Xcel Energy Services, Inc. ("Xcel"), is a Minnesota corporation, and Plaintiff's former employer in Colorado.  Individual Defendants Jack Dybalski and Camille Abboud were Plaintiff's supervisors, and Cary Oswald was a senior level executive at Xcel at the time of Plaintiff's employment.  Plaintiff alleges that beginning in the fall of 2002 through early January of 2008, he had been subject to "an unremittingly hostile" work environment and subjected to "odious and discriminatory comments and treatment on a regular basis."  Plaintiff alleges several incidents in support of this discriminatory and hostile work environment.  With respect to his claim for relief for outrageous conduct, Plaintiff incorporates by reference all previous 103 paragraphs of the Amended Complaint, then alleges that the individual Defendants "engaged in extreme and outrageous conduct," "recklessly or with the intent of causing [Plaintiff] severe emotional distress," and that Defendants "caused [Plaintiff] severe emotional distress," resulting in "both economic and non-economic losses and injuries."

The individual Defendants move to dismiss Plaintiff's outrageous conduct claim on four independent bases, including (1) Plaintiff's failure to state a claim upon which relief can be granted; (2) preemption by the availability of statutory remedies; (3) preemption by the exclusivity provision in the Colorado Workers' Compensation Act, Colo. Rev. Stat. 8-40-101 *et seq.*; and (4) the statute of limitations.  I find, for the reasons stated below, that Plaintiff fails to state a claim for outrageous conduct that is

independently cognizable from his discrimination and retaliation claims against Xcel and, therefore, fails to state a claim upon which relief can be granted under Colorado law. Because Plaintiff's outrageous conduct claim fails on Defendants' first basis for dismissing Plaintiff's claim, I need not and do not address Defendants' other bases for dismissal.

III.     ANALYSIS

   A.     Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950. "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

      B.    <u>Whether Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted</u>

A claim for outrageous conduct "consists of discrete elements established in law to prevent the intentional infliction of mental suffering." *Gard v. Teletronics Pacing Systems, Inc*, 859 F. Supp. 1349, 1354 (D. Colo. 1994). The tort "contemplates an extreme level of *independently ascertainable* misconduct from which the 'ineluctable conclusion' is the calculated or reckless infliction of severe mental suffering." *Visor v. Sprint/United Mgmt. Co.*, 965 F. Supp. 31, 33 (D. Colo. 1997) (quoting *Gard*, 859 F. Supp. at 1354). "It is not meant to be an incantation to augment damages." *Gard*, 859 F. Supp. at 1354. Therefore, "where the allegations forming the basis of a claim for outrageous conduct are the same as those forming the basis for a claim of discrimination, and nothing more, they fail to state an independently cognizable claim for which relief can be granted under rule 12(b)(6)." *Visor*, 965 F. Supp. at 33; *see also Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1021 (D. Colo. 2000); *Emerson v. Wembley USA Inc.*, 433 F. Supp. 2d 1200, 1228 (D. Colo. 2006).

In *Visor*, employees brought claims under Title VII of the Civil Rights Act of 1964 for employment discrimination and retaliation, and state law claims for breach of contract, promissory estoppel, and outrageous conduct. *Visor*, 965 F. Supp. at 33. In their complaint, the employees supported their outrageous conduct claim by incorporating by reference their allegations used to support their employment claims, followed by the assertions that "'[d]efendant's course of conduct . . . was extreme and outrageous' and 'done with the intent of causing the [p]laintiffs severe emotional distress.'" *Id.* Because the allegations failed to state a claim for outrageous conduct

4

that was independently cognizable from the Title VII claims, as required by Colorado law, the court granted the employer's motion to dismiss the claim.  *Id.*

In *Katz*, the plaintiff alleged violations of the Age Discrimination and Employment Act, his rights to due process and equal protection under 42 U.S.C. § 1983, and the tort of intentional infliction of emotional distress.  *Katz*, 85 F. Supp. 2d at 1016.  The plaintiff offered only his allegations in connection with his discrimination and other claims as support for his claim for intentional infliction of emotional distress, then conclusively alleged that the defendant's conduct was outrageous.  *Id.* at 1021.  Because the plaintiff's complaint contained no separate factual allegations for the outrageous conduct claim which differed from the factual allegations supporting his other claims, the court dismissed the plaintiff's outrageous conduct claim for failure to state a claim.  *Id.*

Similar to the plaintiffs in *Visor* and the plaintiff in *Katz*, the Plaintiff in this case supports his outrageous conduct claim with the same allegations made in connection with his Title VII and state claims for discrimination and retaliation.  In his Amended Complaint, Plaintiff "repeats and realleges all previous paragraphs of his [Amended] Complaint as though fully incorporated herein" (Amended Compl. ¶ 104), followed by conclusory assertions that "Defendants engaged in extreme and outrageous conduct" (*Id.* ¶ 105), "Defendants did so recklessly or with the intent of causing [Plaintiff] severe emotional distress" (*Id.* ¶ 106), "the conduct of Defendants caused [Plaintiff] severe emotional distress" (*Id.* ¶ 107), and "[Plaintiff] has suffered both economic and non-economic losses and injuries" as a "direct result of Defendants' outrageous conduct" (*Id.* ¶ 108).  Plaintiff's allegations are merely conclusory and contain no factual allegations for the outrageous conduct claim that are different from his discrimination claims.

5

Therefore, Plaintiff has failed to state an independently cognizable claim for outrageous conduct for which relief can be granted under Rule 12(b)(6).

Citing *Mass v. Martin Marietta Corp.*, 805 F. Supp. 1530 (D. Colo. 1992), Plaintiff argues that he has stated a valid claim for outrageous conduct, despite alleging the same facts in support of both his Title VII and outrageous conduct claims, because his allegations "rise to the level of 'outrageous conduct.'"  I note that the defendant in *Mass* moved for summary judgment on the grounds that defendant's conduct was not outrageous as a matter of law.  *Id.* at 1543.  The court held that a genuine issue of material fact existed such that "a reasonable jury could find defendant's conduct to be outrageous."  *Id.* at 1544.  The issue for consideration in the pending motion to dismiss is not whether the individual Defendants' conduct was outrageous as a matter of law, but whether Plaintiff has sufficiently alleged in his pleadings a separate and cognizable claim for outrageous conduct for which relief can be granted.  As discussed above, I find that Plaintiff has failed to do so.  Because Plaintiff has not alleged any facts independent of his discrimination and retaliation claims to support his outrageous conduct claim, Plaintiff has failed to state an independently cognizable claim in his Amended Complaint for outrageous conduct for which relief can be granted under Rule 12(b)(6).

It is therefore

ORDERED that Defendants' Motion to Dismiss Plaintiff's Seventh Claim filed March 9, 2009 [#35], is **GRANTED**, and Plaintiff's Seventh Claim for Relief for Outrageous Conduct is **DISMISSED**.

Dated: March 17, 2010

                        BY THE COURT:

                        s/ Wiley Y. Daniel
                        Wiley Y. Daniel
                        Chief United States District Judge