IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  08-cv-02635 -WYD-MJW


JOSEPH M. KASHAWNY,

      Plaintiff,

v.

XCEL ENERGY SERVICES INC., a Delaware corporation;
CAMILLE ABBOUD; JACK DYBALSKI; and CARY OSWALD,

      Defendants.

---

## INDIVIDUAL DEFENDANTS' MOTION
## FOR AWARD OF ATTORNEYS' FEES

---

Defendants Camille Abboud, Jack Dybalski, and Cary Oswald (collectively, the "Individual Defendants"), by and through their undersigned attorneys, respectfully submit this Motion for Award of Attorneys' Fees pursuant to Colo. Rev. Stat. § 13-17-201 and D.C.COLO.LCivR 54.3.

1.      On March 17, 2010, this Court entered an Order granting the Individual Defendants' Combined Motion to Dismiss Plaintiff's Seventh Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(6).   As a result of the Court's dismissal of Plaintiff's Seventh Claim for Relief for outrageous conduct, no claims remain against any of the Individual Defendants.

2.      Colo. Rev. Stat. § 13-17-201 provides that if a court dismisses a tort action for injury to a person pursuant to a Rule 12(b) motion, then "defendant shall have judgment for his reasonable attorney fees in defending the action."  Colo. Rev. Stat. § 13-17-201; Jones v. Denver

Post Corp., 203 F.3d 748, 757 (10th Cir. 2000) (applying § 13-17-201 to state claims brought in federal court); see also Torres v. Am. Family Mut. Ins. Co., 606 F.Supp.2d 1286, 1287 (D. Colo. 2009) ("Although the statute speaks of dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the statute nevertheless applies to dismissals under Fed.R.Civ.P. 12(b)(6) as well.") (citations omitted).

    3.    Because this Court's Order dismissing the Outrageous Conduct Claim constituted an order dismissing the entire tort action brought against each of the Individual Defendants, each is entitled to recover the fees incurred in defending the action against him. Id. ("[b]ecause the district court dismissed Turner's 'personal injury' action on a Rule 12(b) motion, the court properly awarded her fees.") See also Torres, 606 F.Supp.2d at 1287 ("although the statute speaks of an 'action' being dismissed, the 10th Circuit has interpreted that language to permit an award of fees in circumstances where all claims against a single defendant are dismissed on Rule 12 grounds, even though claims continue against other defendants."). Thus, the fact that claims remain against Xcel Energy Services Inc. (the "Company") has no bearing on the Individual Defendants' statutory right to recover fees incurred in defending against Plaintiff's Seventh Claim for Relief. Jones, 203 F.3d at 757; Smith v. Town of Snowmass Village, 919 P.2d 868, 873 (Colo. App. 1996) ("The statute, by using the term 'defendant' in the singular, necessarily applies to each defendant who has an action against it dismissed pursuant to C.R.C.P. 12(b) . . . ."); Stauffer v. Stegemann, 165 P.3d 713, 718-19 (Colo. App. 2006) (same).

    4.    Moreover, defendants who had tort claims against them dismissed pursuant to Rule 12(b) are entitled to recover *all* of the attorneys' fees incurred in connection with the action, not just those incurred in connection with the filing of the motion. Dubray v. Intertribal Bison

Cooperative, 192 P.3d 604, 607 (Colo. App. 2008) ("Nor are we persuaded that defendants were entitled to recover only the attorney fees incurred in preparing the motion to dismiss.  Section 13-17-201 does not so limit an award and instead expressly authorizes 'attorney fees in defending the action.'").

5.      In this case, each of the Individual Defendants' attorney fees have been paid by the Company pursuant to an indemnity agreement.   That fact, however, does not affect the Individual Defendants' respective rights to recover attorney fees under Colo. Rev. Stat. § 13-17-201.   See City of Wheat Ridge v. Cerveny, 913 P.2d 1110, 1117 (Colo. 1996) ("The Court of Appeals correctly determined that 'a party need not be obligated to pay attorney fees to be entitled to such an award authorized by statute.'") quoting Cerveny v. City of Wheat Ridge, 888 P.2d 339, 341 (Colo. App. 1994).

6.      Finally, an award of attorneys fees under Colo. Rev. Stat. § 13-17-201 is not discretionary, but mandatory, in this instance.  "Under Colorado law, statute, authorizing award of attorney fees to defendant in a tort action if action is dismissed on Rule 12(b) motion, *requires* that defendants be awarded their reasonable attorney fees whenever tort action is dismissed prior to trial on basis of pretrial motion for dismissal."   Zerr v. Johnson, 905 F.Supp. 872, 874 (D. Colo. 1995) (emphasis supplied).

7.      Attached as Exhibits A-D[1] are the undersigned attorneys' affidavits regarding attorney fees incurred in defending against Plaintiff's Seventh Claim for Relief and in representing each of the Individual Defendants in his respective defense.   Leah P. VanLandschoot, an attorney at Brownstein Hyatt Farber Schreck, LLP ("Brownstein") (the firm

---

[1] Exhibits are as follow:  Leah P. VanLandschoot's Attorneys' Fees Affidavit (Ex. A); Meghan W. Martinez' Attorneys' Fees Affidavit (Ex. B); Steve Kelly's Attorneys' Fees Affidavit (Ex. C); Jay Jester's Attorneys' Fees Affidavit (Ex. D).

that represented all three Individual Defendants from the start of this case through November 14, 2009, and continued representing Defendant Dybalski from November 15, 2009 through the present) attests that at least $36,138.54 in attorney fees has been incurred at Brownstein just defending against Plaintiff's Seventh Claim for Relief.  (See Ex. A.)  Meghan W. Martinez, who represented all the Defendants from the start of this case through November 14, 2009 (when Defendants Abboud and Oswald obtained separate counsel), and who continued to represent  the Company and Defendant Dybalski after opening the firm Barkley Martinez, P.C. in January 2010, attests that at least $3,679.00 in attorney fees has been incurred defending against Plaintiff's Seventh Claim for Relief.   (See Ex. B.)   Attorney Steve Kelly, who currently represents Cary Oswald, and who was retained November 11, 2009 for purposes of defending against Plaintiff's Seventh Claim for Relief, has billed attorney fees in the amount of $46,774.50.  (See Ex. C.)  Finally, attorney Jay Jester, who currently represents Camille Abboud, and who was retained November 10, 2009 for purposes of defending against Plaintiff's Seventh Claim for Releif has billed attorney fees in the amount of $31,946.00.  (See Ex. D.)

8.     The attached affidavits demonstrate that reasonable and necessary attorneys' fees were incurred in defending against Plaintiff's Seventh Claim for Relief in the total amount of $118,538.04.

9.     Accordingly, each Individual Defendant is entitled to an award of his respective attorneys' fees.  Further, any award should accrue post-judgment interest.

10.     In accordance with D.C.COLO.LCivR 7.1A, undersigned counsel certifies that they conferred with counsel for Plaintiff, Todd McNamara, with regard to this Motion, and was advised that Plaintiff objects to the relief requested herein.

WHEREFORE, Defendants Camille Abboud, Jack Dybalski, and Cary Oswald respectfully request that this Court enter judgment in favor of each individually, and against Plaintiff Joseph Kashawny in an amount representing the attorneys' fees incurred in connection with defending against Plaintiff's Seventh Claim for Relief for each individual, and granting him such other and further relief as this Court deems just and proper.

Dated this 9th day of April, 2010.

Respectfully submitted,

s/ Leah P. VanLandschoot
Leah P. VanLandschoot
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 17th Street, 22nd Floor
Denver, Colorado 80202
Phone:  (303) 223-1100
Fax:  (303) 223-1111
e-mail: lvanlandschoot@bhfs.com

Meghan W. Martinez
Barkley Martinez, P.C.
14426 E. Evans Avenue
Aurora, Colorado 80014-1474
Phone: (303) 302-8036
Fax: (303) 759-5203
e-mail: martinez@barmarlaw.com

ATTORNEYS FOR DEFENDANT
JACK DYBALSKI

s/ Steven W. Kelly
Steven W. Kelly
SILVER & DeBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
Phone: (303) 399-3000
Fax: (303) 399-2650
e-mail: skelly@s-d.com
ATTORNEY FOR DEFENDANT
CARY OSWALD

s/ Jay S. Jester
Jay S. Jester
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, Colorado 80202
Phone: (303) 339-4770
Fax: (303) 377-7075
e-mail: jjester@jgllp.com
ATTORNEY FOR DEFENDANT
CAMILLE ABBOUD

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2010, a true and correct copy of the foregoing **INDIVIDUAL DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address or by U.S. mail, postage prepaid, properly addressed to:

Todd J. McNamara, Esq.
1640 East 18th Avenue
Denver, Colorado  80218
tjm@18thavelaw.com

/s/ Leah P. VanLandschoot_____